# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| ALAN L. BROWN, | ) | |
| --- | --- | --- |
| | ) | Case No. 1:19-cv-75 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Alan L. Brown's motion to vacate, set aside, or correct his sentence filed pursuant to Title 28, United States Code, Section 2255 (Doc. 1 in Case No. 1:19-cv-75; Doc. 114 in Case No. 1:17-cr-117). For the following reasons, Petitioner's motion will be **DENIED IN PART**, and the Court will set an evidentiary hearing to resolve certain issues raised in Petitioner's motion.

## I. BACKGROUND

On August 22, 2017, a grand jury returned an indictment charging Petitioner with: (1) one count of conspiracy to distribute heroin, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846; (2) two counts of distribution of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and (3) one count of possession of heroin with the intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C). (Doc. 1 in Case No. 1:17-cr-117.)

On October 16, 2017, Petitioner executed a plea agreement, in which he agreed to plead guilty to one count of conspiracy to distribute heroin, in violation of Title 21, United States

Code, Sections 841(a)(1), 841(b)(1)(B), and 846. (Doc. 32 in Case No. 1:17-cr-117.) As part of the plea agreement, the Government agreed to dismiss the remaining counts against Petitioner. (*Id*. at 1.) The plea agreement also provides:

> No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

(*Id*. at 5.) According to Petitioner, however, his attorney told him that if he pleaded guilty, he would only receive a five-year term of imprisonment. (Doc. 1, at 4, 15–16, in Case No 1:19-cv-75.) Petitioner further represents that his counsel was in a rush to have him sign the plea agreement and that he did so without reading it because he trusted his attorney. (*Id*. at 3, 16.)

On November 1, 2017, United States Magistrate Judge Christopher H. Steger conducted Petitioner's rearraignment hearing. (Doc. 116 in Case No. 1:17-cr-117.) During the hearing and while under oath, Petitioner represented that: (1) he was satisfied with his attorney's representation; (2) he had adequate time to read and discuss the plea agreement with his attorney; (3) he understood the terms of his plea agreement; (4) no one promised or suggested that he will receive a lighter sentence or any other form of leniency by pleading guilty; (5) he understood that the sentence imposed by the district court judge may be different from any estimate of the sentence provided by his attorney; (6) he understood that his sentence would be determined by the district court judge and that his sentence may be more or less severe than the advisory guideline sentence calculated under the United States Sentencing Guidelines; and (7) he

2

understood he would not be able to withdraw his guilty plea if the sentence imposed was more severe than he expected. (*See generally id.*)

After United States District Court Judge Curtis Collier accepted Petitioner's guilty plea, the Court held a sentencing hearing on March 8, 2018. (Doc. 117 in Case No. 1:17-cr-117.) At the sentencing hearing, Judge Collier calculated Petitioner's advisory guidelines range as 97 to 121 months' imprisonment[1] and sentenced Petitioner to 97 months' imprisonment, followed by five years of supervised release. (*Id.* at 3–4, 11–12.) In the present motion, Petitioner claims that his counsel erred in failing to object to the application of certain criminal history points in calculating his advisory guidelines range and that this failure "has caused adverse effects to [his] sentence, custody, and classification with the Bureau of Prisons."[2] (Doc. 1, at 5, in Case No. 1:19-cv-75.) Petitioner did not directly appeal the Court's calculation, duration, or legality of his sentence, but he now represents that he instructed his attorney to file an appeal and that his attorney simply said he "would look into it." (*Id.* at 6, 16.)

On March 7, 2019, Petitioner filed this timely motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255. (*Id.*) In his motion, he asserts that he received ineffective assistance of counsel because his counsel did not: (1) adequately advise him regarding the consequences of pleading guilty; (2) object to the criminal history points attributed to him for the purpose of calculating his advisory guidelines range; and (3) file an appeal on his behalf despite his instructions to do so. (*See generally id.*) Petitioner's motion is now ripe for the Court's review.

---

[1] Specifically, the Court calculated Petitioner's advisory guidelines range based on a total offense level of 29 and a criminal history category II. (Doc. 117, at 3–4, in Case No. 1:17-cr-117.)

[2] Petitioner asserts that his criminal-mischief conviction listed in the presentence report should not have resulted in the application of criminal history points because it was "dismissed with prejudice." (Doc. 1, at 5, in Case No. 1:19-cv-75.)

3

## II. STANDARD OF LAW

To obtain relief under Title 28, United States Code, Section 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). The petitioner "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

To collaterally attack a conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *See Rodriguez-Penton v. United States*, 905 F.3d 481, 489 (6th Cir. 2018). However, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Therefore, courts should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F.

App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

Additionally, in ruling on a motion made pursuant to Title 28, United States Code, Section 2255, the Court must determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Id*. (internal quotations omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III. ANALYSIS

#### A. Counsel's Alleged Misrepresentations During the Plea Process

Petitioner first asserts that he received ineffective assistance of counsel because his attorney advised him that he would receive a sixty-month sentence if he pleaded guilty. (Doc. 1, at 4–5, 15–16 in Case No. 1:19-cv-75.) Petitioner also claims that counsel rushed him to sign the

5

plea agreement and that he did not read the plea agreement before he signed it. (*Id*.)

Even if counsel gives erroneous information during the plea process, a petitioner cannot demonstrate prejudice if the misinformation is "'directly refuted by the record' . . . during a plea colloquy." *Cadavid-Yepes v. United States*, 635 F. App'x 291, 299 (6th Cir. 2016) (quoting *United States v. Todaro,* 982 F.2d 1025, 1029 (6th Cir.1993)). "This is because . . . [a] proper plea colloquy 'cures any misunderstanding [the petitioner] may have had about the consequences of his plea.'" *Id*. (quoting *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999)).

In this case, Petitioner cannot demonstrate that erroneous information supplied by counsel regarding the length of his sentence during the plea process resulted in prejudice because any alleged misinformation supplied about the consequences of his plea was cured during his plea colloquy. Indeed, during his change-of-plea hearing, Petitioner, while under oath, represented that: (1) he was satisfied with his attorney's representation; (2) he had adequate time to read and discuss the plea agreement with his attorney; (3) he understood the terms of his plea agreement; (4) no one promised or suggested that he will receive a lighter sentence or any other form of leniency by pleading guilty; (5) he understood that the sentence imposed by the district court judge may be different from any estimate of the sentence provided by his attorney; (6) he understood that his sentence would be determined by the district court judge and that his sentence may be more or less severe than the advisory guideline sentence calculated under the United States Sentencing Guidelines; and (7) he understood he would not be able to withdraw his guilty plea if the sentence imposed was more severe than he expected. (*See generally* Doc. 116 in Case No. 1:17-cr-117.) The record is clear that the Court properly advised Petitioner regarding the consequences of his guilty plea, and Petitioner affirmed that he understood the sentence imposed may be different from any estimated sentence provided by his attorney.

6

Petitioner cannot now claim, in direct contradiction to his assertions, under oath, that he believed he was entering into a different agreement. Because Petitioner's plea colloquy cured any misrepresentations his attorney may have made regarding the length of his sentence, he cannot establish prejudice under *Strickland*. *See Cadavid-Yepes*, 635 F. App'x at 299.

### B. Counsel's Alleged Failure to Object to the Application of Certain Criminal History Points

Petitioner also asserts that he received ineffective assistance of counsel because his attorney failed to object to the Court's application of criminal history points for a prior criminal-mischief charge that was "dismissed with prejudice." (Doc. 1, at 5 in Case No. 1:19-cv-75.) As the Sixth Circuit has explained, "an attorney's failure to object to an error in the [presentence report's] calculation of the guidelines—if left uncorrected by the district court—can be grounds for finding deficient performance." *Howard v. United States*, 743 F.3d 459, 464 (6th Cir. 2014)

In this case, Petitioner's presentence report ("PSR") indicates that he received two criminal history points—one for a 2007 criminal-mischief conviction and one for a 2011 criminal-trespassing conviction. (Doc. 65, at 8 in Case No. 1:17-cr-117.) The application of these two criminal history points resulted in the Court finding that Petitioner was a criminal history category II for purposes of calculating his advisory guidelines range. (Doc. 117, at 3–4 in Case No. 1:17-cr-117.) Although Petitioner's motion is less than clear, he appears to assert that he should not have received a criminal history point for one of these purported convictions because the charge was "dismissed with prejudice." (Doc. 1, at 5 in Case No. 1:19-cv-75.) Assuming arguendo that Petitioner is correct, the Court would have found that Petitioner had only one criminal history point and, thus, classified Petitioner as a criminal history category I, thereby resulting in a lower advisory guidelines range.

Based on the current record, the Court cannot conclusively determine that Petitioner is

not entitled to relief, because it lacks sufficient evidence to determine whether counsel failed to properly object to the Court's application of certain criminal history points. At this stage, Petitioner's allegations are not contradicted by the record or inherently incredible.[3] As a result, because the record does not conclusively show that Petitioner is entitled to no relief, the Court will conduct an evidentiary hearing regarding whether Petitioner received ineffective assistance of counsel based on counsel's alleged failure to object to the application of certain criminal history points attributed to him in his presentence report. *See Pola v. United States*, 778 F.3d 525, 532–33 (6th Cir. 2015) ("[W]hen a defendant presents an affidavit containing a factual narrative of the events that is neither contradicted by the record nor inherently incredible and the government offers nothing more than contrary representations to contradict it, the defendant is entitled to an evidentiary hearing.").

### C. Counsel's Alleged Failure to File an Appeal

Petitioner next asserts that he received ineffective assistance of counsel because he instructed his attorney failed to file an appeal after sentencing despite his instructions to do so. (Doc. 1, at 6, 16, in Case No. 1:19-cv-75.) "An attorney performs deficiently if, after consulting with his client, he 'disregards specific instructions' from his client 'to file a notice of appeal'—'a purely ministerial task.'" *Pola*, 778 F.3d at 533 (quoting *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000)). Again, based on the record, the Court cannot conclusively determine that Petitioner is not entitled to relief. Accordingly, the Court will conduct an evidentiary hearing regarding whether Petitioner received ineffective assistance of counsel based on counsel's alleged failure to

---

[3] The Government's speculation that "it seems unlikely petitioner told his counsel, prior to sentencing, that one of his convictions was erroneous" (Doc. 4, at 9 in Case No. 1:19-cv-75), is an insufficient basis to conclude that counsel was not deficient or that Petitioner is not entitled to an evidentiary hearing. *See Martin*, 889 F.3d at 832.

file an appeal. *See id*. at 532–35 (holding that the district court abused its discretion by failing to conduct an evidentiary hearing when petitioner averred that his attorney did not file a notice of appeal upon his request).

IV. **CONCLUSION**

For the reasons stated herein, Petitioner's motion is **DENIED** to the extent he contends he received ineffective assistance of counsel based on counsel's failure to adequately advise him during the plea process. The Court will, however, conduct an evidentiary hearing on whether Petitioner received ineffective assistance of counsel based on counsel's alleged failure to object to the application of certain criminal history points at sentencing and counsel's alleged failure to file an appeal. The evidentiary hearing is hereby **SET** for **February 11, 2020,** at **10:00 a.m.** The Court hereby **APPOINTS** Brian O'Shaughnessy to represent Petitioner at the hearing. The Court hereby **ORDERS** that the United States Marshal, or his authorized deputy, transport Petitioner from his place of incarceration to Chattanooga, Tennessee, allowing sufficient time for Petitioner to be available to meet with his attorney before the hearing.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**